IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKIE HAM,
       Plaintiff,

v.

GARY F. GREER, et al.,
       Defendants.

Civil Action No. 06-1692
Judge McVerry
Magistrate Judge Caiazza

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by the Defendants be granted with respect to the Plaintiff's Bivens[1] claims; it is also recommended that the Court decline to exercise pendent jurisdiction over the Plaintiff's state law claims.

### II. REPORT

Jackie Ham ("Ham" or "the Plaintiff") is a prisoner currently incarcerated in the Federal Correctional Institution at McKean ("FCI-McKean"). Ham asserts that the Defendants were "deliberately indifferent" during the course of their treatment for an infected tooth, causing him pain and suffering. Ham subsequently amended his Complaint to include state law claims for negligence against the Defendants. (Doc. 21). Defendant Greer filed a Motion to Dismiss the Amended Complaint on April 30, 2007

---

1. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

and Defendant Clark moved to dismiss on May 3, 2007. (Doc. 25). The Plaintiff responded to these motions on June 7, 2007. Later, Defendant Baker moved to dismiss or, in the alternative, for summary judgment on July 9, 2007. Ham responded on July 26, 2007. Finally, on September 19, 2007, Defendant Greer filed an Amended Motion asserting that the state law claims raised by Ham are barred by Pennsylvania Rule of Civil Procedure 1042.3, which requires a judgment of *non pros* where a plaintiff fails to file a Certificate of Merit with respect to a medical malpractice claim. (Doc. 43). Ham has been granted an extension of time to respond to the most recent Motion. The Court, nevertheless, will rule on Greer's Motion because Ham's state law claims can be disposed of without reference to Rule 1042.3.

A. **The Plaintiff's Allegations**

Ham alleges that he was treated by the Defendants between April 28, 2006, and August 8, 2006, for problems involving his teeth. Specifically, while incarcerated at FCI-McKean, he was examined by Defendant Greer on April 28, 2006, and was told that he needed a filling in one tooth, and that another tooth should be extracted. (Am. Compl. Doc. 21, ¶7). Dr. Greer performed the extraction on May 16, 2006, but succeeded in removing only one of the three roots; he also chipped an adjoining tooth during the procedure. (Doc. 21, ¶¶ 8-9). Ham was again seen by Greer on May 17, 2006, with complaints of pain and continued bleeding. During

that visit his wound was packed with gauze.

Because of continued complaints, Ham was transported to Defendant Clark's office on the afternoon of May 17, 2006. (Doc. 21, ¶¶ 15-16). Dr. Clark attempted to remove the remaining two roots that same day. Ham apparently experienced symptomatic relief but the tooth which was chipped began to bother him in June, 2006. (Doc. 21, ¶17). Ham was told that Defendant Greer would examine him, but he refused the offer. Doc. 21, ¶¶ 20-22). Ham again requested treatment in July, and once more insisted on someone other than Greer; he was told that Greer would perform the work –or it would not be done.

Finally, on August 7, 2006, Ham was examined by Defendant Baker. The following day, Dr. Baker removed the last root from the initial extraction, and also extracted the chipped tooth which had become infected. (Doc. 21, ¶¶ 27-30). Thus, the Plaintiff's complaints concerning his treatment for dental matters cease as of August 8, 2006.

## B. **The Applicable Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule

12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); *i.e.,* "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Ham asserts liability against the Defendants pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits suits against federal agents which mirror those filed against state actors pursuant to 42 U.S.C. §1983. To state a claim under Bivens, Ham must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a federal agent; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Id.

## B. **The Analysis**

Ham's Bivens claims are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane

conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." Here, the need to have two teeth extracted qualifies as a serious medical condition.

Even where there is a serious medical condition –as is evident here– a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials subjectively acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). The Supreme Court has stated that "in the medical context, an inadvertent failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106. And while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable, the right to be free

from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

With the relevant law as a backdrop -and accepting as true the facts set out in his Complaint- the court finds that Ham has alleged that the Defendants were negligent because he calls into question their medical judgment and nothing more. All Courts of Appeals agree that allegations of professional negligence do not state a constitutional claim. Gamble, 429 U.S. 106, n.14. Here, Ham was timely provided with dental care that unfortunately resulted in part of an extracted tooth remaining embedded in its socket while another tooth was chipped. These allegations represent classic negligence claims and do not "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

One aspect of Ham's claims requires further discussion. During June and July, 2006, Ham was not treated for his complaints of pain. The lack of treatment represents a different issue and a calls for a separate analysis.

Ham concedes that he was offered dental care for his complaints of pain in June and July -but he declined to be treated by Defendant Greer, the staff dentist. That said, Ham has

no right to a particular medical professional, and he cannot manufacture an Eighth Amendment claim by refusing the treatment offered to him. Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind.1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.") (internal citations omitted); Calloway v. Contra Costa County Jail Correctional Officers, No. C 01-2689 SBA, 2007 WL 134581, at *31 (N.D.Cal. Jan.16, 2007) (rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment in the location or with the provider of his choice"). Consequently, Ham's Bivens claims should be dismissed.

This leaves only Ham's pendent state law claims for professional negligence against each of the Defendants. After all of the claims with an independent basis of federal jurisdiction have been dismissed, a District Court has discretion with respect to the exercise of jurisdiction over pendent state law claims. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Here, all of the Plaintiff's federal claims should be dismissed. Significantly, the dismissal has occurred at an early stage in the proceeding[2], and the Court discerns no reason to exercise

---

2. Ham is apparently not constricted by time issues because the statute of limitations for medical malpractice actions in Pennsylvania is two years. 42 Pa. Cons. Stat. §5524(2).

discretionary jurisdiction over the Plaintiff's pendent state law claims. See Seamon v. Algarin, 2007 WL 2404732 (E.D.Pa. 2007)(dismissing Section 1983 claims, and declining to exercise pendent jurisdiction over state law medical malpractice claims).

C. **Summary**

It is respectfully recommended that the Motions to Dismiss filed by the Defendants (Docs. 22, 25, 43 and 48) be granted with respect to the Bivens claims, and that the state law claims be dismissed.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 19, 2007.


November 2, 2007                    s/Francis X. Caiazza
                                    Francis X. Caiazza
                                    United States Magistrate Judge

cc:
JACKIE HAM
#05689-068
FCI McKean
P.O. Box 8000
Bradford, PA 16701